FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 FEB 19 P 2: 27

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| PLANET DEPOS, LLC,<br>Corporation Service Company<br>Ste. 400<br>2711 Centerville Road<br>Wilmington, DE 19808,<br><br>AND<br><br>THERESA SMYTH,<br>7354 Dartford Dr. #5<br>McLean, VA. 22102<br><br>   Plaintiffs,<br><br>   v.<br><br>U.S. LEGAL SUPPORT, INC.,<br>SERVE: Registered Agent<br>   Corporate Creations Network, Inc.<br>   4265 San Felipe #1100<br>   Houston, TX 77027<br><br>   Defendant. | Civil Action No.: 1:13cv225<br><br>LO/TRJ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs PLANET DEPOS, LLC ("Planet Depos") and THERESA SMYTH, by and through their respective undersigned counsel, hereby file this Complaint for Declaratory Judgment against the defendant, U.S. LEGAL SUPPORT, INC. ("U.S. Legal"). In support of this Complaint, Plaintiffs allege and aver the following:

### THE PARTIES

1. Planet Depos is a corporation organized under the laws of Delaware with its principal place of business in Washington, District of Columbia.

2. Theresa Smyth is an adult individual residing in the Commonwealth of Virginia.

387655.8

3. Upon information and belief, U.S. Legal is a corporation organized under the laws of Texas with its principal place of business located in Houston, Texas.

## JURISDICTION AND VENUE

4. This is an action for declaratory relief brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining an issue of actual, substantive, and justifiable controversy between the parties concerning the validity of several provisions and restrictive covenants contained in an employment agreement entered into between U.S. Legal and Ms. Smyth in Virginia. Ms. Smyth is a former employee of U.S. Legal.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity of citizenship and because the amount in controversy will exceed $75,000, exclusive of fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to this action occurred in this district.

7. Specifically, the employment agreement at issue in this action was made in Virginia because the final act that was necessary to make the contract binding occurred in Virginia. Thus, venue is appropriate pursuant to 28 U.S.C. §§ 1391(b) (1) and (2).

## STATEMENT OF FACTS

8. Based upon information and belief, U.S. Legal provides an array of "litigation services" and support to insurance companies, corporations, and law firms, including court reporting, record retrieval, legal placement & staffing and litigation services.

9. Planet Depos is a limited liability company that provides similar litigation support services.

10. U.S. Legal and Planet Depos are competitors.

387655.8

### A. U.S. Legal Hires Theresa Smyth As A Member Of Its Sales Team.

11. On May 5, 2011, U.S. Legal extended an offer of employment to Ms. Smyth to work for U.S. Legal as a full-time, commissioned sales representative. Ms. Smyth received the job offer via her personal email account at her home in Virginia.

12. As a condition of employment, U.S. Legal required Ms. Smyth to execute an employment agreement (the "Employment Agreement"), which contains a restrictive covenant that states in part:

> During my employment with U.S. Legal Support and for 1 year after my termination, I will not, either for myself or in conjunction with any other person or entity, directly or indirectly, in any way:
>
> a. solicit to perform or perform records management, court reporting, or any other services provided by U.S. Legal Support for U.S. Legal Support's customers . . .
>
> b. disparage U.S. Legal Support or its personnel or services;
>
> c. recruit or hire any of U.S. Legal Support's employees, or suggest to any U.S. Legal Support employee that he or she leave U.S. Legal Support's employment; and/or
>
> d. possess, use or disclose any confidential business information of U.S. Legal Support, except as may be required to do my job at U.S. Legal Support. . . .

*See* Ex. 1.

13. The restrictive covenants, or non-competition and non-solicitation clauses, in Paragraph 1(a) do not contain a geographic limitation.

14. Paragraph 1(a) prohibits Ms. Smyth from working "in any way" or in any capacity with any company that competes with U.S. Legal.

15. At the same time, Paragraph 1(a) only prohibits Ms. Smyth from personally performing, or from personally soliciting to perform, "records management, court reporting, or any other services provided by U.S. Legal Support . . . ."

387655.8

16. Paragraph 6 defines U.S. Legal's "customers" as "the customers [Ms. Smyth] personally handled during the last year of [her] employment." *See* Ex. 1.

17. Paragraph 6 of the Employment Agreement also provides that U.S. Legal "may assign this agreement at any time to any entity without any consent." *See* Ex. 1.

18. On May 5, 2011, Ms. Smyth executed the Employment Agreement containing these provisions in her home in Virginia, and forwarded it to U.S. Legal via email from her home in Virginia.

19. On or about May 16, 2011, Ms. Smyth began working at U.S. Legal. At all times relevant hereto, Ms. Smyth worked for U.S. Legal in the Washington, D.C. metropolitan area.

20. When she started working for U.S. Legal, Ms. Smyth brought with her a list of customer contacts that she had developed during her career in the court reporting industry.

21. While employed by U.S. Legal, Ms. Smyth was primarily sold court reporting services.

B. **Ms. Smyth Accepts An Offer of Employment From Planet Depos and Resigns From U.S. Legal.**

22. On January 24, 2013, Planet Depos extended to Ms. Smyth an offer of at-will employment as an Account Executive to sell any and all litigation support services provided by Planet Depos.

23. Ms. Smyth accepted this offer of employment.

24. On January 28, 2013, Ms. Smyth resigned from U.S. Legal. Upon receipt of her resignation notice, U.S. Legal immediately terminated her employment. Her last day of employment at U.S. Legal was January 28, 2013.

25. At the time of her departure from U.S. Legal, Ms. Smyth retained the list of customers that she brought with her to U.S. Legal.

387655.8

### C. U.S. Legal Notifies Ms. Smyth And Planet Depos Of Its Intention to Enforce The Employment Agreement.

26. On or about February 11, 2013, Ms. Smyth received a letter dated February 1, 2013 from counsel for U.S. Legal.

27. Through counsel, U.S. Legal alleged, in summary fashion, that Ms. Smyth had breached her "fiduciary obligations to the Company, misappropriated its confidential business information, and violated the federal Computer Abuse and Fraud Act." The letter demanded that Ms. Smyth cease and desist "all actions in violation of [her] contractual, common law, and statutory obligations to U.S. Legal Support" as well as return all documents or information containing U.S. Legal's confidential business information. The letter also demanded that Ms. Smyth preserve all information and data in her custody or control. *See* Ex. 2.

28. In addition, U.S. Legal threatened to file suit against Ms. Smyth and anyone else "with whom [Ms. Smyth has] acted in breach of [her] obligations" to enforce the Employment Agreement. *See* Ex. 2.

29. On February 13, 2013, counsel for U.S. Legal sent a letter to Planet Depos stating that Ms. Smyth was subject to a non-solicitation and non-disclosure agreement with U.S. Legal. Counsel for U.S. Legal threatened that "Planet Depos will be liable to U.S. Legal Support for Ms. Smyth's actions in breach of her legal obligations." *See* Ex. 3.

30. The February 13 letter also stated that U.S. Legal "expects Planet Depos to take all steps necessary to ensure Ms. Smyth's compliance with her legal obligations to U.S. Legal Support. *See* Ex. 3.

31. Ms. Smyth is not performing records management and court reporting services for Planet Depos.

387655.8

32. Rather, Ms. Smyth was hired by Planet Depos to sell services that would be performed by others working for Planet Depos.

## COUNT I: DECLARATORY JUDGMENT AGAINST U.S. LEGAL

33. Plaintiffs re-allege and incorporate Paragraphs 1 through 32 as if fully restated herein.

34. An actual controversy exists between Plaintiffs and U.S. Legal concerning the validity and enforceability of the Employment Agreement against one or both of Plaintiffs. U.S. Legal seeks to enforce the Employment Agreement and contends both Ms. Smyth and Planet Depos are liable to U.S. Legal for any breaches of the Agreement.

35. Plaintiffs assert that the restrictive covenants and other specific provisions of the Employment Agreement are invalid and unenforceable under Virginia law. As such, neither Plaintiff has any obligation to U.S. Legal pursuant to the terms of the Employment Agreement.

36. The restrictive covenants (the non-competition and non-solicitation provisions) of the Employment Agreement, which are found in Paragraph 1 and its subparts a through d, violate Virginia law.

37. The restrictive covenants are not narrowly tailored to protect U.S. Legal's legitimate business interests.

38. The restrictive covenants are unduly burdensome on Ms. Smyth's ability to earn a living.

39. Paragraph 1(a) is overly broad because it does not contain a geographical restriction.

387655.8

40. Paragraph 1(a) is functionally overbroad because it prevents Ms. Smyth from working in any capacity, regardless of whether the new position is competitive or non-competitive, at any entity that competes with U.S. Legal.

41. In addition, the terms "solicit to perform," "indirectly," and "in any way" are vague and ambiguous, and do not adequately inform Ms. Smyth of the functional limitation imposed upon her. The covenants are susceptible to multiple interpretations, at least one of which (i.e., that Ms. Smyth cannot work in any capacity for any of U.S. Legal's competitors) is functionally overbroad. As such, the restrictive covenant contained in Paragraph 1(a) is unenforceable.

42. Because U.S. Legal drafted the agreement, it is construed against it under Virginia law.

43. The Employment Agreement also contains an invalid assignment clause in Paragraph 6. *See* Ex. 1.

44. Because the Employment Agreement contains provisions that violate Virginia law, the Court should conclude that the entire agreement is null and void.

45. Plaintiffs are entitled to a declaration of its rights and obligations, if any, to U.S. Legal in connection with the terms of the Employment Agreement and any lawsuits that U.S. Legal may file against Planet Depos and/or Ms. Smyth to enforce the terms of the Employment Agreement.

46. In the event of any lawsuit filed against Plaintiffs by U.S. Legal to enforce the terms of the agreement, some or all of the damages sought would include the value of any purported lost profit resulting from Ms. Smyth and/or Planet Depos's alleged conduct.

387655.8

47. Therefore, Plaintiffs and U.S. Legal each have an actual, present, and adverse interest in the subject matter of this action.

48. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

49. Accordingly, Plaintiffs request a declaration that, based on the four corners of the Employment Agreement, the Employment Agreement is void and unenforceable in its entirety.

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiffs Planet Depos, LLC and Theresa Smyth demand and pray for judgment as follows:

A. A declaration that the Employment Agreement is governed by Virginia law;

B. A declaration that the Employment Agreement is invalid and unenforceable as a matter of law;

C. Or, in the alternative, a declaration that non-competition provision contained in Paragraph 1(a) is invalid and unenforceable as a matter of law;

D. Or, in the alternative, a declaration that the non-competition provision contained in Paragraph 1(a) does not preclude Ms. Smyth from selling on behalf of Planet Depos court reporting and other litigation support services to be performed by other individuals who are employed by or have a relationship with Planet Depos;

E. A declaration that Planet Depos owes no duty to U.S. Legal under any of the terms of the Employment Agreement;

F. A declaration that Ms. Smyth owes no duty to U.S. Legal under any of the terms of the Employment Agreement;

387655.8

G. A declaration that because the Employment Agreement is void, Ms. Smyth is not and cannot be found to be in breach of the Employment Agreement;

H. A declaration that the list of clients that Ms. Smyth brought with her to U.S. Legal is not the property of U.S. Legal and does not constitute U.S. Legal company proprietary or confidential business information; and

I. Entry of such other and further relief as this Honorable Court may deem just and proper.

Dated: February 19, 2013

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

_____
Yoora Pak (VSB #39020)
Kristi L. Johnson (VSB # 77776)
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
yoora.pak@wilsonelser.com
kristi.johnson@wilsonelser.com
*Counsel for Plaintiff*
*Planet Depos, LLC*

RUBIN EMPLOYMENT LAW

_____
James Edward Rubin
11 North Washington Street, Suite 520
Rockville, MD 20850
(v) 301-760-7914
(f) 301-838-0322
jrubin@rubinemploymentlaw.com
*Counsel for Plaintiff*
*Theresa Smyth*
*(Application for Pro Hac Vice Admission to be Filed)*

387655.8